## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOSEPH EBERLE, individually, and DIANE
JENSEN, Chapter 7 Trustee,

        Plaintiff(s),

v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant(s).

Case No. 2:11-cv-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW JOSEPH EBERLE, individually, and DIANE JENSEN, Chapter 7 Trustee for the Chapter 7 Bankruptcy Estate of Joseph Eberle, (**"Plaintiff"**)[1], by and through undersigned counsel, and file this Complaint against NCO FINANCIAL SYSTEMS, INC. (**"Defendant"**) and allege:

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 *et seq.* of the Florida Statutes, in its illegal efforts to collect a consumer debt from Plaintiff.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

---

[1] All references to "Plaintiff" include and refer to all Plaintiffs in a case filed jointly by two or more parties.

## PARTIES

4.      Plaintiff Joseph Eberle ("Eberle") is a natural person who resides in Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Section 559.55(2), Fla. Stat.

5.      Plaintiff Diane Jensen ("Trustee") is the Trustee of Joseph Eberle's Chapter 7 Bankruptcy Estate created when Eberle filed bankruptcy on August 27, 2010 in the Middle District of Florida, Case Number 9:10-bk-20640.  Trustee is an interested Plaintiff to the extent that these claims arise pre-petition and are thus property of the estate to the extent not exempted.

6.      Defendant is a debt collection company operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

7.      Sometime prior to the events of this action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.

8.      Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant and/or others for collection from the Plaintiff.

9.      On or about August, 2010, Defendant contacted Plaintiff by telephone in an attempt to collect the debt from Plaintiff.

10.     During the telephone call, Plaintiff advised Defendant's collection agent that he was represented by counsel on the debt and all communications should be directed to his counsel's office.

11.   Following Plaintiff advising Defendant he was represented by counsel, Defendant's collection agent began interrogating Plaintiff as to the circumstances of the representation.  Plaintiff informed Defendant that he was instructed to tell Defendant that he was represented by counsel and to provide his attorney's contact information which he did.

12.   Despite being given Plaintiff's counsel's contact information, Defendant's collection agent continued to pepper Plaintiff with questions in a harassing manner.

13.   Plaintiff continued to inform Defendant that he had no information and Defendant should contact his attorney.

14.   Following Plaintiff's numerous statements that he was represented by counsel, Defendant's collection agent called Plaintiff an "ASSHOLE" and hung up on him.

### *Summary*

15.   All of the above-described collection actions and communications made to Plaintiff by Defendant and other collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c - 1692e and the FCCPA including, but not limited to, Sections 559.72(7), (8), (9), and (18).

16.   During their collection communications, the debt collector employed by Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

17.   The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA,

including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA.

18.   Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

19.   Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

20.   The acts and omissions of the debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

21.   The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22.   By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

23.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and the FCCPA in their attempts to collect this debt from Plaintiff.

### TRIAL BY JURY

24.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. VII; FED. R. CIV. P. 38.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et. seq.*

25.   Plaintiff incorporates by reference 1 – 24 of the above paragraphs of this Complaint as though fully stated herein.

26.   The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, with respect to Plaintiff.

27.   More specifically:

   a.   Defendant violated § 1692d(5) by engaging the Plaintiff in telephone conversation repeatedly with the intent to annoy, abuse, or harass the Plaintiff after it was informed of Plaintiff's representation.

   b.   Defendant violated § 1692c(a)(2) by continuing to question Plaintiff after it was informed of Plaintiff's representation.

   c.   Defendant violated § 1692d(2) by using profane or other abusive language.

   d.   Defendant violated § 1692e(11) by failing to provide Plaintiff with the language commonly referred to as the "Mini-Miranda."

   e.   Defendant violated § 1692d by violating the provisions of the FCCPA in that Defendant to action that it could not legally take. *See LeBlanc v. Unifund CCR Partners, ZB*, 601 F.3d 1185 (11th Cir. 2010).

28.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 *et. seq.*, Fla. Stat.

29.    Plaintiff incorporates by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

30.    The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of Sections 559.72(7), (8), (9), and (18), with respect to Plaintiff.

31.    More specifically:

   a. Defendant violated Section 559.72(7) by willfully engaging the Plaintiff in a telephone conversation which can reasonably be expected to annoy, abuse, or harass the Plaintiff after it was informed of Plaintiff's representation.

   b. Defendant violated Section 559.72(8) by using profane, obscene, vulgar or willfully abusive language.

    c.  Defendant violated Section 559.72(9) asserting the right to continue direct communication with the Plaintiff after being informed of Plaintiff's representation.

    d.  Defendant violated Section 559.72(18) by continuing to question Plaintiff after it was informed of Plaintiff's representation.

32.    As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

33.    Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to Section 559.77 for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and

- for such other relief as this Court deems just and proper.

*Respectfully submitted,*

Dated: _March 9, 2011___          **THE DELLUTRI LAW GROUP, P.A.**
                                  The Dellutri Law Group Plaza
                                  1436 Royal Palm Square Blvd.
                                  Fort Myers, FL  33919
                                  (239) 939-0900
                                  (239) 939-0588 – Fax
                                  www.DellutriLawGroup.com
                                  ***Attorneys for Plaintiffs***


                                  By: **s/ David W. Fineman**_____
                                  David W. Fineman, Esq., *Trial Counsel*
                                  Fla. Bar No. 0040993
                                  dfineman@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                    )
                                    ) ss
COUNTY OF LEE                       )

Plaintiff, Joseph Eberle, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Joseph Ebel_
Joseph Eberle

Subscribed and sworn to before me this _11th_ day of _March_, 2011 by Joseph Eberle who:

☐ is personally known; or

☑ produced identification _Florida Driver's License._

_Susan C. Langston_
Notary Public

Notary Public State of Florida
Susan C Langston
My Commission DD786320
Expires 07/29/2012

(SEAL)

-9-